# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS TAYLOR, | : | CIVIL NO. 1:CV-10-0424 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| WILLIAM SCISM, et al., | : | |
| Defendants | : | |

## MEMORANDUM

On February 25, 2010, Thomas Taylor ("Taylor"), an inmate at the Low Security Correctional Institution at Allenwood (LSCI-Allenwood), Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. In the complaint Taylor names as Defendants the following LSCI-Allenwood officials: William Scism, Warden; J. Berkihiser, Special Investigation Technician; and Todd Cerney, Disciplinary Hearing Officer. He has submitted the full filing fee in this matter. As such, the complaint will be afforded preliminary screening pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court finds that the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

## I.   Allegations of the Complaint

In the instant action, Plaintiff alleges that on July 2, 2009, Defendant J. Berkihiser, SIS Special Investigative Technician at LSCI-Allenwood, conducted a search of his cell. Fifteen (15) manilla envelopes and their contents were confiscated. After returning to his housing unit, Plaintiff was advised of the confiscation. Plaintiff was not charged with any infraction at the time, but was informed that the confiscated items were under review and would be returned. Approximately 144 days later, Lieutenant Engel served Plaintiff with an Incident Report charging him with the following violations: (1) Code 297 - Use of the Telephone for Abuses

other than Criminal; (2) Code 305 - Possession of Anything Not Authorized; and (3) Code 314 - Counterfeiting or Forging any Documentation, Article of Identification, Money, or Official Paper.  Although the report was dated July 2, 2009, the "Description of Incident" section of the report stated that staff became aware of the incident on November 24, 2009.  (Doc. 1, Compl., Ex. 1, Incident Report.)

On December 1, 2009, Counselor Russell advised Plaintiff that the incident report was being referred to the Disciplinary Hearing Officer ("DHO").  Plaintiff states he began preparing for the DHO hearing, and was provided with nothing more than the Incident Report which referenced UCC-1 Financing Statements, Homemade Promissory Notes, Homemade International Bills of Exchange and Certified Promissory Notes, and other UCC-related documents.

Plaintiff files the instant action wherein he challenges the DHO hearing conducted on January 21, 2010, before DHO Officer Todd Cerney on due process grounds.  He claims that: (1) Cerney was biased and that his finding of guilt was a product of his own personal beliefs and (2) he was not "provided full discovery in order to allow him to properly prepare his defense." (Id. at 5.)  The DHO found Plaintiff guilty of the Code 305 and 314 violations, and sanctioned him to the loss of 26 days of good conduct time and a 3 month loss of email privileges.[1]  (Id., Ex. 1 at 16-20, DHO Report.)   Plaintiff seeks relief in the form of monetary damages and the restoration of forfeited prison good conduct time.

## II.    Discussion

---

[1] Plaintiff challenges the 3 month loss of email privileges on the basis that it deprives him of contact with "key individuals" in his life, a sanction that he claims cannot be recovered through appeal in an administrative remedy procedure.  (Doc. 1, Compl. at 6.)

2

A.  **Standard of Review**

Notwithstanding Plaintiff's payment of the filing fee, the Prison Litigation Reform Act[2] obligates the Court to engage in the screening of the complaint. Specifically, Section 1915A provides as follows:

> (a) Screening. The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief against a defendant who is immune from such relief.

In determining whether a complaint states a claim, the Court uses the same standard of review to screen a complaint under the PLRA as a Rule 12(b)(6) motion. Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). In considering a motion

---

[2] Pub.L. No. 104-134, 110 Stat. 1321 9Aril 26, 1996).

to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly , 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

### B. Analysis

Plaintiff files this matter as a civil rights action pursuant to 28 U.S.C. § 1331. He clearly seeks monetary relief and injunctive relief, including the restoration of his good conduct time, for actions allegedly taken by Defendants with respect to an incident report issued and the resulting disciplinary hearing. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the " conviction or sentence has been reversed on direct appeal, expunged by executive order,

4

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the rationale in Heck to disciplinary proceedings, holding that the expungement of the inmate disciplinary proceeding would imply the invalidity of the underlying disciplinary action: "[t]he principal procedural defect complained of by the respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." Edwards, 520 U.S. at 646. Accordingly, an inmate may not bring a civil rights action for declaratory and injunctive relief related to an inmate disciplinary proceeding without first challenging and overturning, via appropriate proceedings, the disciplinary hearing in question. Id. at 646-47.

The instant action specifically seeks damages as well as the restoration of good conduct time. An award of damages would implicate the validity of the underlying disciplinary proceedings. Plaintiff cannot assert such a claim unless he can demonstrate that the DHO's decision regarding the misconduct was invalidated on administrative appeal or through issuance of a writ of habeas corpus. This he is unable to do as he states in his complaint that the forfeited good time ". . . can be restored if and when Plaintiff wins his appeal or Administrative Remedy," clearly demonstrating that he has not done so at this time. (Doc. 1, Compl. at 6.) Further, there is no indication that a petition for writ of habeas corpus challenging the validity of the disciplinary proceeding was ever pursued, let alone resolved favorably to Plaintiff. Thus, because the disciplinary proceeding has not been determined to be unlawful, it is appropriate to dismiss Plaintiff's claims pursuant to Heck and Edwards.

To the extent Plaintiff seeks to challenge the loss of the good time credit imposed by the

5

DHO, such allegations are not properly asserted in a civil rights complaint. A civil rights action is not the proper mechanism for challenging the basis of the incident report issued or the alleged due process violations that allegedly occurred during the course of the disciplinary proceedings resulting in the loss of good time. It is well-settled that a civil rights action may not be employed to challenge the fact or duration of a prisoner's confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). Plaintiff is free to file a habeas corpus petition if he so chooses, however the Court expresses no opinion as to the ultimate success of any petition filed.

While Plaintiff also appears to challenge the loss of email privileges for 3 months, this sanction does not implicate a liberty interest for purposes of a due process inquiry. Protected liberty interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995). "[T]he baseline for determining what is "atypical and significant" - 'ordinary incidents of prison life' - is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997)(quoting Sandin, 515 U.S. at 486.) Surely, the lack of the ability to use email for a period of 3 months cannot be found to implicate a liberty interest for purposes of due process. Accordingly, these claims also will be dismissed for failure to state a

claim.[3]  An appropriate Order follows.[4]

---

[3] The Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases when dismissing a case for failure to state a claim, a court must give a plaintiff the opportunity to amend a deficient complaint regardless of whether the plaintiff requests to do so. However, there is no requirement to allow amendment when doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3dCir. 2007). Because in this case it would be futile to allow amendment with respect to these claims, no leave to amend is required.

[4] Plaintiff's complaint is primarily grounded in allegations of the denial of due process with respect to the disciplinary proceedings. However, at certain places in his complaint, Plaintiff alludes to the alleged denial of rights under the First Amendment. It is unclear exactly what claims, if any, he attempts to pursue in this regard. In conjunction with the confiscation of his admittedly UCC-related materials, he alludes to the denial of his "Constitutionally-protected rights to his political beliefs," as well as the "restoration of his rights to access the Courts." (Id. at 1, 6.) It is unclear what, if any, claim he seeks to raise under the First Amendment, and the basis of any such claim. If it was Plaintiff's intention to raise such a claim, he can do so by filing an amended complaint within twenty (20) days of the date of this Order and to the civil action number referenced above, to wit, Civil Action No. 10-0424. If he files a timely amended complaint, the Clerk of Court will be directed to reopen this matter. The Court expresses no opinion as to the success of any such claim, and reminds Plaintiff of the exhaustion requirement under 42 U.S.C. § 1997e(a).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS TAYLOR, | : | CIVIL NO. 1:CV-10-0424 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| WILLIAM SCISM, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW**, this 16th day of June, 2010, upon consideration of Plaintiff's complaint (Doc. No. 1), **IT IS HEREBY ORDERED THAT:**

1. The complaint is **dismissed**, for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **dismissed as moot**.

3. The Clerk of Court is directed to **close this case**.

4. Plaintiff may file an amended complaint in accordance with this Memorandum within twenty (20) days. If he chooses to do so, the Clerk of Court will be directed to reopen this matter.

s/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania